FOR THE FIRST TERM AFTER THE CONSTITUTIONAL AMENDMENTS RE
ORGANIZING THE SUPREME COURT. THE TERM BEGAN FIRST
MONDAY IN OCTOBER, 1892, AND ENDED THE LAST SATUR-
DAY IN JUNE, 1893. HELD AT CITY OF AUSTIN.

JUDGES.

HON. JOHN W. STAYTON, *Chief Justice.*

HON. R. R. GAINES, ⎫ *Associate Justices.*
HON. J. L. HENRY, ⎭

Judge HENRY resigned May 31, 1893. Hon. T. J. BROWN was appointed to the vacancy, and qualified June 9, 1893.

---

## SOUTHERN PACIFIC COMPANY v. J. HAAS.

### No. 1.

**1. Writ Refused in Absence of Motion for Rehearing.**—The application for writ of error must show that the applicant has made a motion for rehearing in the Court of Civil Appeals, presenting distinctly all the points on which a writ of error is asked. In absence of such showing, the application will be dismissed.

**2. Orders of Court Must be Taken Notice of.**— All litigants must take notice of the rules of the courts in which they are litigating. See illustration.

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals, Third District, in a case on appeal from the District Court of El Paso County.

*Davis, Beall & Kemp,* for the application.

STAYTON, CHIEF JUSTICE.—The application for writ of error in this case shows that no motion for rehearing was made in the Court of Civil Appeals, and it further shows that the writ is sought for the purpose of having a decision by this court of a question presented in that, which is in no manner discussed or considered in the opinion of that court, although presented by assignments of error.

The rules adopted by this court in relation to applications for writs of

error provide, that " the petition, in addition to the requisites prescribed by statute, shall show that the applicant has made a motion for rehearing in the Court of Civil Appeals, presenting distinctly all the points on which a writ of error is asked, and that the motion has been overruled."

The purposes of this rule are, to require parties to use all diligence to have errors into which a Court of Civil Appeals may have fallen corrected in that court, to present sharply to this court the very question upon which it is claimed that court erred, and to avoid unnecessary delay in the final disposition of causes, which must result if a writ of error be granted by this court on account of a matter which the Court of Civil Appeals would presumably have promptly corrected, if erroneous, had it been called to its attention by proper motion.

That the Supreme Court granted a rehearing in this case, while it had jurisdiction to do so, for the very purpose of passing on the questions not passed on by the Commissioners of Appeals, but now sought to have adjudicated, furnishes no reason why the applicant did not take steps required by the rules to have them directly passed upon by the Court of Civil Appeals. On the contrary, the failure in this respect, under the circumstances, makes the want of proper diligence the more apparent and inexcusable.

All litigants must take notice of the rules of courts in which they have business.

Because no motion for rehearing presenting the questions on which error is now asserted was filed in the Court of Civil Appeals, this application for writ of error must be dismissed.

It is so ordered.

*Application dismissed.*

Delivered December 15, 1892.