### R. S. WILLIS, EXECUTOR, v. LEWIS MOORE.

Application No. 821.—Decided December 2, 1895.

**1.  Petition for Writ of Error—Rules of Court.**

Rule 1 of Amended and New Rules, 87 Texas, xxxvii., prescribes what is necessary to be embraced in the application for writ of error:  A substantial compliance with this rule is expected.  (P. 19.)

**2.  Briefs Accompanying Application.**

This court will examine briefs upon assignments made in the application for writ of error, but such brief will not be considered as part of the application.  (P. 10.)

**3.  Assignments of Error in Application.**

The petition for writ of error must distinctly point this court to the errors claimed to have been committed by the Court of Civil Appeals, and should be confined to those which are material.  (P. 10.)

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Hill County.  The original application was here held imperfect and time for amendment allowed.  The application was amended.  The writ, however, was refused.

*Eugene Williams,* for application.

BROWN, ASSOCIATE JUSTICE.—The application for writ of error in this case wholly fails to comply with the rules of this court, as amended at the last term, which may be found in Volume 87 of the Texas Reports.  Rule 1, as so amended, clearly and distinctly states what is necessary to be embraced in the application for writ of error, and this court has at the present term written several opinions upon applications calling attention of the profession to the requirements of the rules and the propriety of observing them.  (Hodo v. Railway, 88 Texas, 523;  Hammond v. Tarver, Receiver, 89 Texas—both opinions delivered at the present term.)

The application in this case consists of a very elaborate statement of

the facts of the case, without showing that such facts were omitted from the statement made by the Court of Civil Appeals, or any necessity for embracing them in this application. It states that there are numerous issues involved, that the testimony is voluminous, and that it would be impracticable in the petition for writ of error to present all the issues without making the brief a part of the application, and then, without any assignments of error directed to any ruling or action of the Court of Civil Appeals, the applicants attach a copy of their printed brief as presented to the Court of Civil Appeals, containing 62 pages of printed matter, embracing assignments of error, propositions of law, statements of evidence and arguments of counsel, based upon 22 assignments of error.

This court will not undertake to separate the errors claimed to have been committed and material to the plaintiff's cause of action from other matters embraced in the brief. The briefs of counsel will always be examined upon assignments made in this court, but will not be looked to as constituting any part of the application itself.

The petition for writ of error must distinctly point this court to the errors claimed to have been committed by the Court of Civil Appeals, and should be confined to those which are material in their bearing upon the judgment sought to be reversed.

The applicants in this case will be allowed until the 16th of December inst. to amend their application so as to conform to the rules of this court, and in case they fail to do so, this application will be dismissed.