## SAN ANTONIO AND ARANSAS PASS RAILWAY COMPANY V. F. B. CHOATE.

### Decided April 30, 1896.

1. Supreme Court—Petition for Writ of Error.

    Application for writ of error should not copy the evidence in the case unless the statement of it in the conclusions of law and fact by the Court of Civil Appeals is incomplete, in which case it should state that fact and refer to the transcript by line and page to supply omissions deemed of importance.

2. Same.

    The assignment of error committed by the Court of Civil Appeals should be express and direct, not inferential.

APPLICATION for writ of error to the Court of Civil Appeals for Fourth District, in an appeal from Karnes County.

GAINES, CHIEF JUSTICE.—The application in this case is not in accordance with rule 1 of the amended rules adopted by this court at its last term and published in 87 Texas, on p. XXXVII. It is a suit brought by the applicant to recover of the defendant company damages for personal injuries alleged to have been caused by the negligence of its servants in operating a train upon which he was a passenger. The statement of the case is unnecessarily prolix. The statute prescribes that the petition shall contain a statement of the case and of the grounds upon which the writ of error is prayed,—that is to say, assignments of the errors, of which complaint is made.

In the petition before us, in addition to setting out unnecessarily the pleadings in the case, the evidence bearing upon the issue of negligence is copied in full. This is directly contrary to the rule cited. The statement and conclusions of the Court of Civil Appeals give the evidence

upon that issue in part. If it was deemed incomplete, counsel should have stated the fact and should have simply referred to the transcript by line and page for the purpose of supplying that which he deemed of importance in support of his application, and which had been omitted by that court.

Again there is no direct averment that the Court of Civil Appeals erred in its ruling. It is to be inferred from the petition, that the complaint is, that the court erred in holding, that there was no sufficient evidence to support the verdict in favor of the applicant. Without holding that the error complained of does not sufficiently appear from the petition, we suggest, that the assignment should be express and direct.

We have heretofore permitted petitions for writs of error to be amended and have written upon several petitions with a view to familiarize counsel with the rule upon that subject. We think we have gone far enough in that direction and that it is time to call a halt. We allow ten days in which to amend the petition in this case; but take occasion to give notice, that hereafter for a gross disregard of the rules petitions for writs of error will be peremptorily dismissed.

Delivered April 30, 1896.