Mrs. A. E. Hord et al. v. Gulf, Colorado & Santa Fe Railway Company.

Motion No. 1431.   Decided October 30, 1905.

**Writ of Error—Amendment After Dismissal.**

After dismissal of a petition for writ of error in which jurisdiction over a revised and remanded case was claimed by reason of conflict in decisions, petitioner will not be granted leave to file an amended petition showing jurisdiction because the rulings practically settled the case.   (P. 248.)

Motion in the Supreme Court for leave to file an amended petition for writ of error after dismissal of the original petition for want of jurisdiction.

*Stuart & Bell,* for petitioner.

GAINES, Chief Justice.—This case was reversed and remanded

by the Court of Civil Appeals. The petition for the writ of error attempted to show jurisdiction of this court by alleging that the decision of the Appellate Court overruled sundry decisions of other Courts of Civil Appeals, in two of which writs of error had been denied by this court. In our opinion, no conflict was shown, and we dismissed the·application for want of jurisdiction. The applicants have filed a motion to set aside the order of dismissal, and to permit them to amend their petition so as to show jurisdiction. ° They refer to the case of Powell v. Tabet (decided in March, 1904, without a written opinion) as authority for such action—from which it is to be inferred that they seek to bring themselves within the ruling acted upon in that case. Powell v. Tabet was a reversed and remanded case, and, as in this, there was an attempt to show jurisdiction by alleging that the decision of the Court of Civil Appeals overruled the decisions in certain cases therein specified. We found no conflict, and dismissed the application for want of jurisdiction. The applicant in that case then filed a motion for a rehearing, and for leave to amend his petition in order to point out two other decisions which· they claimed were overruled by the decision sought to be reviewed, one of which had not been published when the original application was filed. We granted the motion, and upon the amended petition took jurisdiction of the case. In this case, however, the applicants, in their amended petition, which was filed with the motion, change their ground altogether, and seek to give this court jurisdiction by alleging that the decision of the Court of Civil Appeals "practically settles the case."

If the decision of the Court of Civil Appeals in this case "practically settles the case," and counsel desired us to take jurisdiction on that ground, no reason is seen why they did not so state in their original petition. Not having done so, we are of the opinion that they ought not now to be permitted to shift their ground. As a very general rule, it is too late to amend an application after it has been dismissed or refused. We made an exception in the case above referred to—rightly, as we then thought, and as we still think; but we do not deem it proper to extend the exceptions to the rule any further. Therefore, the motion to file the amended petition is overruled. .