## 1

ILLINOIS TORPEDO CO. v. SOUTHWESTERN OIL DEVELOPMENT CO. (Supreme Court of Texas. Oct. 17, 1923.) For opinion of Court of Civil Appeals, see 252 S. W. 334. Writ of error dismissed for want of jurisdiction. See Decker v. Kirlicks, 110 Tex. 91, 216 S. W. 385.

## 2

LEWIS BROS. v. R. E. L. JOHNSON. (Supreme Court of Texas. April 4, 1923.) For opinion of Court of Civil Appeals, see 247 S. W. 589.

PER CURIAM. Writ of error dismissed for want of jurisdiction. Amount involved not sufficient to give the court jurisdiction, the interest prayed for being interest eo nomine.

## 3

H. A. LONG v. M. E. MARTIN. (Supreme Court of Texas. May 28, 1924.) For opinion of Court of Civil Appeals, see 260 S. W. 327. Writ of error dismissed for want of jurisdiction. See article 1521, Vernon's Sayles' Stats.

## 4

Laura MORROW v. FT. WORTH & D. C. RY. CO. (Supreme Court of Texas. Dec. 30, 1923.) For opinion of Court of Civil Appeals, see 255 S. W. 674.

PER CURIAM. Writ of error refused. The Court of Civil Appeals entered the proper judgment. In view of another trial, we will say that the district court, in again submitting the case to the jury, should follow the approved definition of proximate cause.

## 5

RAILROAD COMMISSION OF TEXAS v. SAN ANTONIO COMPRESS CO. (Supreme Court of Texas. Nov. 19, 1924.) For opinion of Court of Civil Appeals, see 264 S. W. 214.

PER CURIAM. Writ of error refused. This case does not come within the terms of article 6656, Rev. St. 1911. It was rightly decided, being governed by article 6657.

## 6

John T. SPANN v. C. W. TATE. (Supreme Court of Texas. June 12, 1924.) No written opinion. Writ of error dismissed for want of jurisdiction. See Southern Pac. Co. v. Haas, 85 Tex. 401, 20 S. W. 586, and R. S. art. 1641; also Rules of Supreme Court, rule 1, § (c).

## 7

TEXAS CO. v. E. C. STOVALL. (Supreme Court of Texas. April 23, 1924.) For opinion of Court of Civil Appeals, see 262 S. W. 152.

PER CURIAM. Writ of error refused. We think the right result was reached in this case, because the issue was tendered that defendant in error waived the forfeiture, and plaintiff in error saw fit to accept the waiver and insist on holding the lease, which it could not do without being held to make the stipulated payments to continue the lease.

## 8

E. L. TIDWELL v. HOUSTON & T. C. R. CO. (Supreme Court of Texas. Oct. 29, 1924.) For opinion of Court of Civil Appeals, see 262 S. W. 810.

PER CURIAM. Writ of error refused. We do not agree that appellee should be denied the right to recover, if he was injured as the proximate result of negligence of appellant in failing to exercise ordinary care to keep a lookout, unless appellee was guilty of contributory negligence. The case must be remanded for a new trial under the conclusions of the Court of Civil Appeals as to insufficiency of the evidence to sustain the verdict for appellee, and we therefore refused the application for writ of error.

## 9

TYLER COUNTY v. J. L. CHAPMAN. (Supreme Court of Texas. April 9, 1924.) For opinion of Court of Civil Appeals, see 259 S. W. 301.

PER CURIAM. Writ of error refused. The application is refused, because the claim was not protected by the depositors' guaranty fund.

CURETON, C. J., not sitting.

## 10

J. E. YEAGER v. Mrs. A. B. BRADLEY. (Supreme Court of Texas. Feb. 14, 1923.) For opinion of Court of Civil Appeals, see 246 S. W. 688.

PER CURIAM. Writ of error refused. We think the judgment of the Court of Civil Appeals is correct, whether the orders in the administration be voidable or void.

## 11

M. A. YOUNGBLOOD v. J. H. BALL et al. (Supreme Court of Texas. Oct. 24, 1923.) For opinion of Court of Civil Appeals, see 252 S. W. 872.

PER CURIAM. Writ of error refused. The charge of the court on discovered peril was excepted to for want of pleading and evidence, and an examination of the evidence shows no good could come from a remand of the case.