## LEONARD BROTHERS V. E. NEWTON.

No. 6797.  Decided February 3, 1937.
(101 S. W., 2d Series, 223.)

*Cantey, Hanger & McMahon* and *J. A. Gooch,* all of Fort Worth, for plaintiff in error.

*W. M. Short* and *James E. Whitmore,* both of Fort Worth, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Defendant in error has filed a motion praying that the order granting the application for writ of error be set aside

and the application dismissed, for the reason that it appears the court was without jurisdiction to grant the writ.

It is pointed out in the motion that it does not appear from the application that the matter therein complained of by defendant in error was complained of in a motion for rehearing filed in the Court of Civil Appeals, or even that such motion was filed.

It is essential to the jurisdiction of the Supreme Court to review a case of this character for the application for the writ of error to show that a motion for rehearing was filed in the Court of Civil Appeals presenting the points on which the writ is asked. Knodel v. Equitable Life Ins. Co. (Com. App.), 221 S. W. 941; Employers Cas. Co. v. Roland (Com. App.), 1 S. W. (2d) 568; Blackmon v. Trail (Com. App.), 12 S. W. (2d) 967. See also in this connection City National Bank of Childress v. Phillips Petroleum Co., 124 Texas 456, 78 S. W. (2d) 567, and Grayce Oil Co. et al. v. Peterson et al., 128 Texas 550, 98 S. W. (2d) 781.

Upon a reexamination of the application for the writ we find it lacking in essential grounds of jurisdiction as pointed out in the motion. It is void of allegations of any grounds showing this court has authority to hear the case.

The writ was inadvertently granted. The order granting same is set aside and the application dismissed.

Opinion adopted by the Supreme Court February 3, 1937.