The Insurance Company contends that the opinion of the Court of Civil Appeals in this case is in conflict with the following decisions: Donaldson v. National Life & Accident Insurance Co. (Tex.Civ.App., writ refused) 53 S.W.(2d) 136; National Life & Accident Insurance Co. v. Casillas (Tex.Civ.App., writ dismissed), 63 S.W.(2d) 396; American National Insurance Co. v. Turner (Tex.Civ.App.) 226 S.W. 487; National Life & Accident Insurance Co. v. Reams (Tex.Civ.App.) 197 S.W. 332; Duncan v. United Mutual Fire Insurance Co., 113 Tex. 305, 254 S.W. 1101; Thomas v. North River Insurance Co. (Tex.Com.App.) 277 S.W. 1041; Liverpool & London & Globe Insurance Co. v. Baggett (Tex.Civ.App.) 275 S.W. 313, writ refused Baggett v. Liverpool & L. & G. Ins. Co. (Tex.Com.App.) 277 S.W. 78; United States Fire Insurance Co. v. Ryan Bros. (Civ.App., writ dismissed), 11 S.W.(2d) 395; and Home Insurance Co. v. Puckett (Tex.Com.App.) 27 S.W.(2d) 111. We shall not undertake to set out the facts in the cases above cited in which a conflict is claimed. A reading of those cases will clearly show that the facts involved in them are not similar to the facts involved in this case, and the decisions therein do not control here.

The Honorable Court of Civil Appeals correctly decided this case, and the judgment of that court will be affirmed.

### GLENN et al. v. McCARTY et al.
#### No. 7275.

Supreme Court of Texas.
July 7, 1937.

Bean & Bean, of Lubbock, and Jno. B. Daniel, of Temple, for plaintiffs in error.

Vickers & Campbell, of Lubbock, for defendants in error.

PER CURIAM.

The opinion of the Court of Civil Appeals in this case is reported in 103 S.W.(2d) 1098. The application for writ of error is insufficient and was improvidently granted. It does not disclose the result of the suit in the Court of Civil Appeals or when its judgment was rendered. There is a statement on page 9 of the application that the Court of Civil Appeals affirmed the judgment of the trial court, but that is erroneous. That court reversed and remanded the cause. It does not disclose that a motion for rehearing was filed in or acted upon by that court. A number of assignments of error appear, but it is not shown that they were called to the attention of the Court of Civil Appeals in a motion for rehearing. For these reasons, the application should be dismissed. Leonard Bros. v. Newton (Tex.Com.App.) 101 S.W.(2d) 223, and authorities there cited. This court does not therefore consider or express any opinion on the questions decided by the Court of Civil Appeals.

The application for writ of error is dismissed.