# FEBRUARY, 1938

## H. C. Glenn, Receiver, v. A. V. McCarty, Jr., et al.

No. 7275.  Decided July 7, 1937.
Rehearings overruled December 8, 1937; February 2, 1938.
(107 S. W., 2d Series, 363; 110 S. W., 2d Series, 1148.)

*Bean & Bean,* of Lubbock, and *Jno. B. Daniel,* of Temple, for plaintiff in error.

*Vickers & Campbell,* of Lubbock, for defendants in error.

PER CURIAM:

■ The opinion of the Court of Civil Appeals in this case is reported in 103 S. W. (2d) 1098. The application for writ of error is insufficient and was improvidently granted. It does not disclose the result of the suit in the Court of Civil Appeals or when its judgment was rendered. There is a statement on page 9 of the application that the Court of Civil Appeals affirmed the judgment of the trial court, but that is erroneous. That court reversed and remanded the cause. It does not disclose that a motion for rehearing was filed in or acted upon by that court. A number of assignments of error appear, but it is not shown that they were called to the attention of the Court of Civil Appeals in a motion for rehearing. For these reasons the application should be dismissed. Leonard Bros. v. Newton, 129 Texas 1, 101 S. W. (2d) 223, and authorities there cited. This Court does not therefore consider or express any opinion on the questions decided by the Court of Civil Appeals.

The application for writ of error is dismissed.

Opinion delivered July 7, 1937.

### ON MOTION FOR REHEARING.

MR. JUSTICE SHARP delivered the opinion of the Court.

This cause was reversed and remanded by the Court of Civil Appeals. 103 S. W. (2d) 1098. The application for writ of error was dismissed on the ground that it did not show that a motion for rehearing had been filed in the Court of Civil Appeals.* 107 S. W. (2d) 364. A motion for leave to amend the application has been filed.

The frequency with which this Court is called upon to dismiss applications for writs of error, on the ground that such applications fail to show that a motion for rehearing has been filed in the Court of Civil Appeals raising the points on which

---

*Per Curiam opinion above.

the writs are asked, impels this Court again to call attention to the rules relating to this subject.

From time to time the Legislature has passed new laws and modified old laws, and this Court has adopted new rules and modified prior rules, supplementing the statutes, relating to appellate procedure, in order to meet new conditions. The statutes and the rules have long specified certain essential requirements regarding the filing of an application for writ of error, as follows: (1) That it be addressed to the Supreme Court; (2) that it state the nature of the case and the grounds upon which the writ of error is based; (3) that it show that the Supreme Court has jurisdiction of the case; (4) that it show that the applicant has filed a motion for rehearing in the Court of Civil Appeals; and (5) that the application must be filed with the Clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for rehearing.

■ To expedite the disposition of cases appealed to the Supreme Court, it is necessary that counsel comply with certain essential rules of procedure in applying for writs of error. Such rules have long been in force. All questions sought to be reviewed must be embraced in the application for writ of error, or they will be considered as waived. This Court, as early as 1892, in the case of Southern Pacific Co. v. Haas, 85 Texas 401, 20 S. W. 586, speaking through Chief Justice STAYTON, in discussing rules relating to applications for writs of error, held that because no motion for rehearing, presenting the questions on which error was asserted, was filed in the Court of Civil Appeals, the application for writ of error was dismissed; and, in discussing the reasons for the rule, said:

"The application for writ of error in this case shows that no motion for rehearing was made in the Court of Civil Appeals, and it further shows that the writ is sought for the purpose of having a decision by this Court of a question presented in that, which is in no manner discussed or considered in the opinion of that court, although presented by assignments of error.

"The rules adopted by this Court in relation to applications for writs of error provide, that 'the petition, in addition to the requisites prescribed by statute, shall show that the applicant has made a motion for rehearing in the Court of Civil Appeals, presenting distinctly all the points on which a writ of error is asked, and that the motion has been overruled.'

"The purposes of this rule are, to require parties to use all diligence to have errors into which a Court of Civil Appeals may have fallen corrected in that court, to present sharply to

this Court the very question upon which it is claimed that court erred, and to avoid unnecessary delay in the final disposition of causes, which must result if a writ of error be granted by this Court on account of a matter which the Court of Civil Appeals would presumably have promptly corrected, if erroneous, had it been called to its attention by proper motion.

\* \* \*

"All litigants must take notice of the rules of courts in which they have business."

The foregoing rule was also reiterated in the case of Sams v. Creager, 85 Texas 497, 22 S. W. 399.

In 1895 the rules relating to procedure in the Supreme Court were amended. 87 Texas xxxvii. Rule 1, which applied to the essential matters to be embraced in the application for writ of error, among other things, contained the following provision: "A motion for a rehearing must be made in the Court of Civil Appeals and overruled before applying for the writ of error."

The volume of business coming to this Court has increased materially since the foregoing rule was adopted. When compared with former statutes, it will be seen that the Legislature has lessened the number of cases on which judgments of the Courts of Civil Appeals shall be conclusive. (See Article 1821, Revised Civil Statutes.) The Legislature has also increased the number of cases over which the Supreme Court shall have appellate jurisdiction. (See Article 1728, Revised Civil Statutes.) Effective January 1, 1931, certain changes in the rules for the Supreme Court were adopted. (121 Texas, 745.) We set out below the pertinent parts of Rule 1 applicable to the question here presented:

"1. In view of the great increase in the business of the Supreme Court, and the necessity of the Court receiving the earnest and frank co-operation of counsel in the disposition of its business, the Court prescribes that:"

Then follows the rule governing the manner in which an application must be prepared. (See subdivisions (a) and (b) of the rule.) The following requirements are also embodied in the rule:

"(c) It (the application) shall present a question of law decided by a Court of Civil Appeals of which the Supreme Court has jurisdiction as defined by Article 1728 of the Revised Civil Statutes of Texas of 1925 as amended by Chapter 144 of the Acts of the Fortieth Legislature, approved March 25, 1927, and

no other questions will be considered; but questions of law arising under two or more of the subdivisions of that Article may be presented in the same application under separate assignments.

"(d) The decision of or ruling sought to be reviewed must have been assigned as error in the motion for new trial in the trial court, if such motion was made or required by law to be made, and such error must have been assigned and presented in the Court of Civil Appeals and in a motion for rehearing in the latter court. If the decision or ruling sought to be reviewed originated in the Court of Civil Appeals it must have been presented in the motion for rehearing in that court. The application shall state that the particular decision or ruling was assigned as error in the motion for rehearing in the Court of Civil Appeals."

■■ It is settled that where a statute prescribes a rule of procedure, such rule so prescribed in the statute will control. And it is contended that the enactment of H. B. No. 1015 in 1931, amending Articles 1740 and 1741 of the Revised Civil Statutes, abrogated the rule requiring motions for rehearing to be filed in the Court of Civil Appeals. If the act just mentioned does override such rule, then such motion for rehearing need not be filed in the Court of Civil Appeals. This Court has repeatedly recognized that the Legislature has the power, under the Constitution, to enact rules relating to the right of appeal, and modify them at will. But if the Legislature has provided no mode of procedure for appealing cases, the Supreme Court has authority to adopt such rules for that purpose. Stillman v. Hirsch, 128 Texas 359, 99 S. W. (2d) 270. The applicable part of H. B. 1015 reads:

" 'Article 1740. A writ of error before the Supreme Court may be applied for by petition addressed to said Court and the petition shall contain such other requisites as may be prescribed by the Supreme Court; provided that said petition shall be sufficient if it complies with the requirements of Article 1741.'

"Sec. 2. That Article 1741 of the Revised Civil Statutes, of 1925, be and the same is hereby amended so as to hereafter read as follows:

" 'Article 1741. In all cases taken to the Supreme Court by writ of error it shall be sufficient if the petition for the writ of error shall contain the following:

" '(1) A brief statement as to the nature and result of the suit in the Court of Civil Appeals.

" '(2) Specifying briefly the particular grounds and/or ruling or rulings of the Court of Civil Appeals on which the error is based, with such statements from the record as are necessary

to show that same was erroneous and was material to the decision.

" '(3) The authorities relied on, if any.

" '(4) A statement and/or argument on the errors for which relief is sought.

" 'Provided that more than one question may be presented in the same petition; and further provided that the Supreme Court may adopt rules with reference to writ of error procedure, but not inconsistent with the provisions of this Act or any other Statute.' "

We are unable, however, to find in the foregoing articles that it was the purpose of the Legislature to override the rule of this Court requiring a motion for rehearing to be filed in the Court of Civil Appeals, as a prerequisite to form the basis for an application for writ of error. That it was not the purpose of the act to furnish a complete standard for applications for writs of error is clearly manifested in the following provisions:

" * * * and the petition shall contain such other requisites as may be prescribed by the Supreme Court; * * * "

" * * * and further provided that the Supreme Court may adopt rules with reference to writ of error procedure, but not inconsistent with the provisions of this Act or any other Statute."

It has been, and is now, the policy of the Supreme Court to be liberal in the application of its rules until the Bench and Bar have had reasonable time to become familiar with such rules. In several cases soon after the adoption of the foregoing rule in 1895 it was not strictly enforced. See Willis, Executor, v. Moore, 89 Texas 19, 32 S. W. 1038; San Antonio & Aransas Pass Ry. Co. v. Choate, 90 Texas 81, 35 S. W. 472; Hord et al. v. Gulf, Colorado & Santa Fe Ry. Co., 99 Texas 247, 89 S. W. 404; Homes v. City of Henrietta, 91 Texas 318, 42 S. W. 1052. In 1896 this Court, speaking through Chief Justice GAINES, in the case of San Antonio & Aransas Pass Ry. Co. v. Choate, supra, in applying the rule adopted in 1895, said:

"We have heretofore permitted petitions for writs of error to be amended and have written upon several petitions with a view to familiarize counsel with the rule upon that subject. We think we have gone far enough in that direction and that it is time to call a halt. We allow ten days in which to amend the petition in this case; but take occasion to give notice, that hereafter for a gross disregard of the rules petitions for writs of error will be peremptorily dismissed."

Thus it will be seen that it has long been the general rule of this Court that it is essential to the jurisdiction of the Supreme Court that an application for writ of error show that a timely motion for rehearing was filed in the Court of Civil Appeals, presenting the points on which the writ is asked; and where it appears that such motion was not filed, the application will be dismissed. 3 Texas Jurisprudence, p. 300, Sec. 204. This Court has recently reiterated the foregoing rule. Leonard Bros. v. Newton, 129 Texas 1, 101 S. W. (2d) 223; Glenn et al. v. McCarty et al.,* 107 S. W. (2d) 363; Casualty Reciprocal Exchange v. Dawson, 130 Texas 362, 107 S. W. (2d) 994; Grand Lodge Colored Knights of Pythias v. Adams, 130 Texas 360, 107 S. W. (2d) 355.

It is also contended that the case of Nixon et al. v. Malone et al., 100 Texas 250, 98 S. W. 380, 99 S. W. 403, holds contrary to the rule above stated. We shall not pause here to review in detail the facts and holding in that case. The opinion in the Nixon case was rendered by a Special Supreme Court, and the prior decisions of this Court relating to this subject were not even mentioned or discussed. That opinion has not been followed by this Court. If it was intended to hold in that case contrary to the rule announced by this Court in the cases above cited, then such holding in that case is hereby overruled.

■ After a careful consideration of the statutes and the rules prescribing the essential elements to be embraced within applications for writs of error, we think the following ruling should control:

An application for writ of error, duly filed within the thirty days as required by law, which is defective in that it does not show that the Supreme Court has jurisdiction of same, as required by certain essential requisites prescribed by the statutes and the rules, may be amended by proper motion before it has been acted upon by the Court.

The application for writ of error in this case was defective, as above stated, and was dismissed. The parties failed to amend the application before it was acted upon by this Court. Therefore, the action of the Court thereon is final, and the motion for rehearing is overruled.

Opinion delivered December 8, 1937.

Second motion for rehearing overruled February 2, 1938.

---

*Per Curiam opinion, page 642.