TEXAS EMPLOYERS INSURANCE ASSOCIATION V.
HESS D. MCNORTON.

No. 7113. Decided January 4, 1939.
(122 S. W., 2d Series, 1043.)

*Ramey, Calhoun & Marsh, Ben A. Harper,* of Tyler, and *Preston Calvert,* of Grand Saline, *Black, Graves & Stayton,* of Austin, for plaintiff in error.

The application for writ of error sufficiently shows that the errors complained of were presented in the motion for rehearing filed in the Court of Civil Appeals, and by that court overruled, and the motion being a part of the record, and the same questions being presented in the application for writ of error, even though the application does not expressly state that fact the Supreme Court has jurisdiction. Chicago, R. I. & G. Ry. Co. v. Pemberton, 106 Texas 463; Clarendon Land Inv. Co. v. McClelland Bros., 86 Texas 179, 23 S. W. 576.

*White & Yarbrough,* of Dallas, for defendant in error.

*Lawther & Cramer,* of Dallas, filed brief as amicus curiae.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a workmen's compensation case in which Hess D. McNorton, defendant in error here, sued Texas Employers Insurance Association, plaintiff in error, to set aside an award of the Industrial Accident Board, and for compensation as an employee of Morton Salt Company. Judgment in favor of McNorton against the Association was affirmed by the Court of Civil Appeals. 92 S. W. (2d) 562. Writ of error was granted upon application of the Association.

Defendant in error's motion is before us, praying that the order granting the writ be set aside and that the application be dismissed.

The ground of the motion is, in effect, that it is not *stated*

in the application for the writ that the particular ruling or decision sought to be reviewed was assigned as error in the motion for rehearing in the Court of Civil Appeals, as required by subdivision (d) of Rule 1 of this Court.

The subdivision at the time the application for the writ was filed, read:

"(d) The decision of or ruling sought to be reviewed must have been assigned as error in the motion for new trial in the trial court, if such motion was made or required by law to be made, and such error must have been assigned and presented in the Court of Civil Appeals and in a motion for rehearing in the latter court. If the decision or ruling sought to be reviewed originated in the Court of Civil Appeals it must have been presented in the motion for rehearing in that court. *The application shall state that the particular decision or ruling was assigned as error in the motion for rehearing in the Court of Civil Appeals.*" (Italics ours.) Smoot's Texas Court Rules, p. 16; Johnson's Texas Rules of Court, p. 9.

An examination of the application discloses that it fails to comply with the rule in the particular pointed out in the motion.

■ It has long been held by this Court that it is fatal to its jurisdiction to review a cause for the application for the writ to fail to comply with the clear mandate of the rule to *state* that the particular decision or ruling sought to be reviewed was assigned as error in the motion for rehearing in the Court of Civil Appeals. Watkins v. Texas Employers Ins. Assn., 130 Texas 383, 110 S. W. (2d) 1153; Grand Lodge Colored K. of P. v. Adams, 130 Texas 360, 107 S. W. (2d) 355, 110 S. W. (2d) 1152; Leonard Bros. v. Newton, 129 Texas 1, 101 S. W. (2d) 223; Glenn, Receiver v. McCarty, Jr., et al, 130 Texas 641, 107 S. W. (2d) 363; Id. on rehearing 110 S. W. (2d) 1148; Williams v. Alliston, 129 Texas 406, 104 S. W. (2d) 847; Casualty Reciprocal Exchange v. Dawson, 130 Texas 362, 107 S. W. (2d) 994; Knodel v. Equitable Life Ins. Co. (Com. App.), 221 S. W. 941.

It is urged in the reply to the motion to dismiss that, while it is not expressly *stated* in the application for the writ that the errors therein complained of were complained of in the motion for rehearing, the statement in the application with respect to overruling the motion and its presentation thereupon to the court, is a sufficient statement that the errors therein complained of were the errors complained of in the motion for rehearing; and that in the circumstances it should be presumed

that the errors complained of in the application were complained of in the motion; or, stated another way, that the statement referred to in the application amounts by implication to a statement that the motion for rehearing "is relied on as the foundation for the application."

We find no ground for the indulgence of the presumption suggested. Furthermore, jurisdiction to review the case is not conferred by supplying by presumption the essential allegation of the application. Nor is an implication that the motion for rehearing is relied upon by the applicant for the writ sufficient to confer jurisdiction. If such an implication be granted, it is still necessary, in order to invoke the jurisdiction of the Court, for the application to *state* that the particular decision or ruling sought to be reviewed was assigned as error in the motion for rehearing in the Court of Civil Appeals. The requirement that the application "shall" so state is mandatory. Cases cited supra. No particular form of statement is required, but the application must *contain* the statement in substance. It cannot import it by implication, or by indulgence of a presumption. Whatever view may be entertained of the construction of the rule to the effect that strict compliance with its provisions is mandatary, it is obvious that it has been followed too long to now give the language in question a different effect by changing its construction.

■ It is also suggested in the reply to the motion that a continuation of the construction subsequent to the amendment of Articles 1749 and 1741 of the Code of 1925 (Chap. 149, Gen. Laws 42nd Leg., Reg. Sess. p. 250) puts the rule in conflict with the statutes as amended. See Articles 1740 and 1741, Vernon's Texas St. 1936, for the wording of the statutes as amended.

It was recently held in Glenn, Receiver v. McCarty, Jr., et al, supra, that there is no conflict between the rule and the statutes. There is no occasion to review that holding, especially in view of the fact that the Supreme Court on November 23, 1938, by an order entered upon its minutes, effective on that date, amended subdivision (d), so as to delete therefrom the concluding sentence of the subdivision (the language of the rule here in question) which reads: "The application shall state that the particular decision or ruling was assigned as error in the motion for rehearing in the Court of Civil Appeals." The order further provides that, except as affected by this amendment, Rule 1, above mentioned, remains unchanged." 130 Texas v, 5 TSCR, p. II.

The application for the writ in the present case having been filed prior to the amendment of the rule, and having been improvidently granted, defendant in error's motion is sustained, and the application is dismissed.

Opinion adopted by the Supreme Court January 4, 1939.