PETROLEUM CASUALTY COMPANY V. MRS. B. F. KINCAID ET AL.

No. 7121. Decided January 4, 1939.
Rehearing overruled February 1, 1939.
(122 S. W., 2d Series, 1048.)

*L. H. Welch*, of Breckenridge, *Powell, Wirtz, Rauhut & Gideon*, of Austin, and *K. W. Gilmore*, of Houston, for plaintiff in error.

*Ben J. Dean* and *Floyd Jones*, both of Breckenridge, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a Workmen's Compensation case. The plaintiff in error, Petroleum Casualty Company, is the insurer, and C. O. Hoskins, the employee, was fatally injured by being shot with a rifle. Mrs. B. F. Kincaid (formerly Mrs. C. O. Hoskins) and her minor daughter seek compensation for the injury and resulting death of C. O. Hoskins. The trial court rendered judgment for Mrs. Kincaid and her daughter, and duly filed its conclusions of law and fact. The Casualty Company appealed and the Court of Civil Appeals affirmed the judgment of the trial court. In rendering such judgment of affirmance, the said court delivered an opinion which shows on its face that the only question which the court was called on to decide was whether or not the injury which Hoskins received was sustained in the course of his employment. The Court of Civil Appeals decided this question in the affirmative. 93 S. W. (2d) 499. In due time the Casualty Company filed in said court its mo-

tion for rehearing in which it complained solely of the ruling made by said court as stated above. The motion for rehearing was overruled, and thereafter in due time, the Casualty Company applied to the Supreme Court for the writ of error. The application was granted.

In its application for the writ of error, the Casualty Company presents, as the sole ground of error, the ruling of the Court of Civil Appeals to the effect that the facts found by the trial court showed that the fatal injury which Hoskins received was sustained in the course of his employment. In the application it is alleged in substance that the Court of Civil Appeals affirmed the judgment of the trial court and that thereafter in due time the Casualty Company duly filed its motion for rehearing and that same was overruled by said court. The application for the writ does not show that the ruling of the Court of Civil Appeals which is complained of in the application was assigned as error in the Casualty Company's motion for rehearing in the Court of Civil Appeals. The defendants in error have filed a motion to dismiss the application for the writ of error because of the omission just stated. The said motion to dismiss is sustained. The rules prescribed by the Supreme Court, governing the form and substance of any application for the writ of error seeking to have reviewed a decision or ruling of the Court of Civil Appeals, require, among other things, that such application "shall state that the particular ruling or decision was assigned as error in the motion for rehearing in the Court of Civil Appeals." (See Rules for the Supreme Court, Sec. 1, subdivision (d), 121 Tex. p 745.) That the rule above quoted is mandatory has been definitely decided by this Court in many cases, which include Watkins v. Texas Employers Ins. Ass'n., 130 Texas 383, 110 S. W. (2d) 1153; Citizens Savings Bank etc. v. Spencer, 130 Texas 384, 110 S. W. (2d) 1151; Glenn v. McCarty, 130 Texas 641, 107 S. W. (2d) 363 (same case, 110 S. W. (2d) 1148) ; Grand Lodge v. Adams, 107 S. W. (2d) 355; Thompson v. Enfield, 130 Texas 363, 108 S. W. (2d) 1110; Leonard Bros. v. Newton, 129 Texas 1, 101 S. W. (2d) 223.

It is pointed out in argument that the decision of this Court in none of the cases cited above shows that the only question which was presented for decision to the Court of Civil Appeals, and decided by that court, was the same question presented by the application for the writ of error. The same thing is true in the present case, so far as the application for the writ of error discloses; but counsel in the present instance invokes the rule, prescribed in Section 1, subdivision (e) of Rules for the Supreme Court, which reads as follows:

"The statement of the case made by the Court of Civil Appeals, its conclusions of fact and law and its opinion will be read and considered without being incorporated in the application." It is argued that since, in the present instance, the opinion of the Court of Civil Appeals, which the Supreme Court is required to read and consider, shows on its face that the sole question which the Court of Civil Appeals was called on to decide, and did decide, was the same as that presented in the application for the writ of error, the fact is sufficiently shown, by necessary implication, that the ruling complained of in the application was assigned as error in the motion for rehearing which the Casualty Company filed in the Court of Civil Appeals. In the final analysis, this argument is founded on the assumption that the provisions of subdivision (e) modify the requirement hereinbefore quoted from subdivision (d). The assumption is not warranted by any language used in subdivision (e). The provisions of this subdivision plainly presuppose an application which conforms to the requirements prescribed. There is no reasonable ground for a conclusion that any prescribed requirement was intended to be modified in any respect, so far as the sufficiency of the application is concerned, by the provisions of subdivision (e).

The motion to dismiss the application for the writ of error herein is granted and the application is dismissed.

Opinion adopted by the Supreme Court January 4, 1939.

Rehearing overruled February 1, 1939.