H. C. GLENN, RECEIVER, ET AL V. A. V. MCCARTY, JR., ET AL.

No. 7642. Decided November 19, 1941.
(155 S. W., 2d Series, 912.)

*John B. Daniel* and *W. R. Brown,* both of Temple, for plaintiffs in error.

The Court of Civil Appeals erred in holding the loan contract usurious as to McCarty, Jr., because he was not the maker, endorser, surety, or guarantor of said notes, and there is no instrument of writing to be found in the record that

would render him liable in any manner on said notes to the holder thereof; and not being a party to said original loan contract and having no personal liability on said notes, he cannot maintain an action for usury thereon. Parker v. Coop, 60 Texas 111, 114; O'Connor v. Vineyard, 91 Texas 488, 496, 44 S. W. 485; Sanger v. Warren, 91 Texas 472, 44 S. W. 477.

*Vickers & Campbell,* of Lubbock, for defendants in error.

Because McCarty, Jr., and his wife are not liable on the original notes for the principal, interest, and attorney's fees for the reason that they did not sign them, is no defense to their right to have the loan adjudged usurious and the void and the illegal lien against their lot of land cancelled to the extent of the interest. Maloney v. Earhart, 81 Texas 281, 16 S. W. 1030; Hamilton-Brown Shoe Co. v. Mayo, 27 S. W. 781; Lasater v. First Natl. Bank of Jacksboro, 96 Texas 345, 72 S. W. 1057.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This case has a history. A recital thereof would serve no purpose in this opinion and we, therefore, merely refer to the reports of prior decisions on various aspects of the case wherein that history is revealed. Those reports are as follows 75 S. W. (2d) 162; 75 S. W. (2d) 165; 103 S. W. (2d) 1098; 130 Texas 641; 107 S. W. (2d) 363, 110 S. W. (2d) 1148; and finally the opinion of the Court of Civil Appeals in the instant appeal from which the writ of error was granted, 130 S. W. (2d) 295.

The purpose of the suit was to procure a decree that certain notes were usurious and have all payments made thereon applied on the principal. After a more careful consideration of the case since same was submitted than we were able to give to it in passing upon the application for writ of error, we have concluded that all questions presented here for decision were correctly decided by the Court of Civil Appeals. The particular holding by that court as to which we entertained doubts at the time we granted the application for writ of error was the holding that a person who did not sign the usurious notes, could maintain an action for usury paid by him thereon. That is the principal question which we deem it advisable to discuss in this opinion, and our statement of the case will be limited to such facts as are thought to relate to that question.

The facts show that at the beginning of the transactions giving rise to this law suit, lots 6 and 7 of Block 12 were vacant business lots in the town of Muleshoe, lot 6 being a corner lot and lot 7 adjoining it. A. V. McCarty, Jr., had negotiated with the owner of lot 6 for the purchase thereof. He desired to erect thereon a two-story business building to be occupied by him in conducting his business as a druggist. His father, A. V. McCarty, Sr., contemplated the purchase of lot 7 and the erection of a building thereon. We here quote from the opinion of the Court of Civil Appeals:

"* * * They applied to Duggan as vice-president and agent of the Temple Trust Company for two loans, one of which was on behalf of McCarty, Jr., for approximately $8000, to be used in the erection of a two-story building on lot No. 6. In the conversations with Duggan, and at his suggestion, the lot was conveyed to McCarty, Sr., and the loan on behalf of his son was advanced to the son through McCarty, Sr. It was understood by all of the parties that the lot and two-story building would belong to McCarty, Jr., and that the loan was advanced for his benefit. It was discussed and agreed at the time that when McCarty, Jr., had paid $2500, consisting of the first five notes of the series, the adjoining lot belonging to McCarty, Sr., would then be released, the two-story building and lot No. 6 conveyed by him to his son, and a new loan advanced to McCarty, Jr., to take up the balance of $6300, which would then remain unpaid on the series of notes. The record shows that all payments made on the loan were made by McCarty, Jr.; that he occupied the building with his drug business and that all of the parties understood from the beginning that, in reality, the property belonged to McCarty, Jr., and the loan was, in reality, advanced to him. * * *."

The two lots were purchased in pursuance of the agreement and title thereto taken in the name of McCarty, Sr. The contemplated buildings were erected on the lots and a mechanic's lien created on both lots in favor of L. A. McDaniel. The mechanic's lien note was for the principal sum of $8,800. The building erected by McCarty, Sr., on lot 7 was financed by him through loans on other property owned by him. On the same day that the mechanic's lien and note were executed they were assigned by McDaniel to Temple Trust Company for the recited consideration of $7920. After the buildings were completed McCarty, Sr., executed to the Temple Trust Company the notes aggregating $8800, which are the subject of

this litigation, in lieu of the mechanic's lien note. Several years thereafter McCarty, Sr., and wife conveyed lot 6 to McCarty, Jr., the notes in the meantime having been reduced by payments made by McCarty, Jr., to $6300. In the deed of conveyance no mention was made of the Temple Trust Company loan, but five days later another deed was executed in which it was recited that McCarty, Jr., assumed such indebtedness. On the same day upon which the second deed was executed McCarty, Jr., and wife executed to Temple Trust Company their notes aggregating $6300 in renewal of the balance due on the $8800 notes executed by McCarty, Sr., whereupon Temple Trust Company released McCarty, Sr., and his lot No. 7 from the former note and lien.

Thereafter, Dora McCarty was granted letters of guardianship of the person and estate of her husband, A. V. McCarty, Jr., who was adjudged to be a person of unsound mind. The instant suit was filed by Dora McCarty on behalf of herself and as guardian of her husband, in which McCarty, Sr., and his wife joined pro forma, and resulted in a judgment decreeing that the original loan was usurious and applying all payments made by McCarty, Jr., thereon to the principal, thereby reducing same to a small sum, of which a decree of foreclosure was awarded to the receiver of the Temple Trust Company.

**1, 2** While the original notes were for the principal sum of $8800, the amount of money actually advanced by the Trust Company was ten per cent. less than that amount, or $7920. The Court of Civil Appeals held that, considering that fact in connection with the interest rate named in the notes and the acceleration clause, the contract was usurious. That holding is in harmony with prior decisions by this court cited in the opinion, and we approve same without further discussion. That court upon the same authorities also ruled against the contention of the Trust Company that it did not make a loan at all, but merely purchased the McDaniel note and mechanic's lien at a discount. We approve that holding and perceive no reason for a further discussion thereof.

We deem it advisable to write further upon the question of the right of McCarty, Jr., and wife to maintain this action. Under the facts above recited the equitable title to lot 6 was vested in McCarty, Jr., at the time the original loan contract was executed by McCarty, Sr. That equitable title had its inception when the deed of conveyance to that lot was delivered

to McCarty, Sr., in pursuance of the prior oral agreements above detailed. McCarty, Jr., made the payments on the original loan which reduced the principal thereof to $6300 and thereupon the legal title was conveyed to him. McCarty, Jr., did not execute the original notes and under the Negotiable Insrument Law, Article 5932, Sec. 18, was not liable thereon. It is strongly urged that since McCarty, Jr., was not liable on said note he cannot maintain, through his guardian, or otherwise, as suit for usury based thereon. It is pressed upon us that an action for usury must be based upon a written contract which obligates the party bringing the suit to pay the debt.

It is provided in Article 16, Sec. 11 of our Constitution that:

"All contracts for a greater rate of interest than ten per centum per annum, shall be deemed usurious, and the first Legislature after this amendment is adopted, shall provide appropriate pains and penalties to prevent the same; * * *."

By virtue of, and in obedience to that article the Legislature adopted an act providing what it deemed appropriate pains and penalties to prevent usury. A part of that act now appears as Article 5071, R. S. 1925, which reads in part as follows:

"The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; * * * *."

It will be noted that the constitutional provision covers "all contracts" while the statutory provision refers only to "written contracts." The briefs and opinions of the Court of Civil Appeals in this case discuss the question of the rights of a party who pays usurious interest under an oral contract; but we do not find it necessary to consider that question here, for the usurious contract in this case was a written contract. 3 Our question is whether McCarty, Jr., who did not execute the usurious notes, may plead usury and have all payments made by him on the notes applied to the principal. Neither the

above statute nor any other statute provides that such plea is available only to persons who are obligated to pay the debt. We know of no principle of law which requires that such rule be declared by the courts. The result of adopting such a rule in this case would be to hold that there is no remedy available to anyone. McCarty, Sr., could not plead usury, for he paid nothing on the note and owns no interest in the property. If McCarty, Jr., who made the payments and whose property is burdened with the lien is denied the right to interpose that plea, the plan will have succeeded and the foreclosure of a lien to secure a void indebtedness will be decreed. If there were no precedent on the question, we would disapprove the suggested rule on principle; but there is precedent on the question.

Since the granting of the writ of error in this case we have been referred to an opinion by this court which decides the precise question before us. It is the opinion of Justice Williams in Norris v. W. C. Belcher Land Mortgage Co., 98 Texas 176, 82 S. W. 500. The Court later, speaking through Justice Brown in Schneider v. Sellers, 98 Texas 380, and 84 S. W. 417, gave a clear and concise statement of the question which was decided in the Norris-Belcher case in this language:

"In support of the proposition that the owners of the land were entitled to the same rights against Schneider & Davis that Mrs. Walker would have been, we cite Norris v. Belcher Land Mortgage Company 98 Tex. Sup. 176, 82 S. W. 500. Norris owned the land under an unrecorded deed, his vendor conveyed the land to another party, who had notice of the former deed, and who executed to the Belcher Land Mortgage Company a mortgage upon the land to secure money borrowed, thereby constituting the mortgagee an innocent purchaser with reference to the prior conveyance. Suit was brought to foreclose the mortgage upon the land, making Norris a party defendant. He pleaded that the debt secured by the mortgage was usurious, and this court held that he had the right to make that plea. This was based upon the proposition that, his property being incumbered by the subsequent vendee in such manner as to bind the real title to the land, Norris was entitled to all the rights and remedies that the maker of the mortgage could have asserted against the debt. * * *."

Under the authority of that decision, with which we are in

full accord, we overrule the contention that McCarty, Jr., and his wife were not authorized to maintain this action. Being the parties whose lands are burdened with the lien, they were entitled to the same rights as if they had been actual parties to the contract.

In the light of what is written above it follows that in our opinion there is no merit to the contention that, by assuming the balance due on the notes in the deed from his father to him, McCarty, Jr., is estopped to attack same on the ground of usury. Had McCarty, Jr., received the benefits of the amount claimed to be usurious as a part of the consideration for the deed to him, he would have been estopped to set up usury; but he did not receive any benefits therefrom as a part of the consideration. He owned the equitable title to the land at the time the deed was executed and the assumption was in carrying out the original plan devised by the agent, Duggan. This question was well discussed in the case of Kansas City Life Insurance Co. v. Hudson, 71 S. W. (2d) 574, (error refused). Further discussion thereof is not needful.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court November 19, 1941.