HENRY ROBINSON V. COMMERCIAL STANDARD
INSURANCE COMPANY.

No. 7091. Decided January 4, 1939.
(123 S. W., 2d Series, 337.)

*John W. West* and *Vaughn & Work,* of Dallas, for plaintiff in error.

*Robertson, Leachman, Payne, Gardere & Lancaster,* of Dallas, for defendants in error.

*Kemper, Hicks & Cramer,* of Dallas, filed brief as amicus curiae.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

In this case the same question as to jurisdiction of the trial court is presented as that decided by this Court on December 7, 1938, in Booth v. Texas Employers' Insurance Association. (132 Texas 237). Robinson, the injured employee, filed claim with the Industrial Accident Board in which he described in general terms the nature of his injury without showing the amount claimed. Thereafter he filed suit in district court to set aside the board's award, which was for $157.00. His petition gave the same general description of the injury as that contained in the claim but enlarged the general description by adding a full statement of his physical condition at the time the suit was filed, alleging that by reason of his injury he was totally and permanently disabled. The trial court rendered judgment in favor of plaintiff in error Robinson against defendant in error Commercial Standard Insurance Company for $5058.36. The Court of Civil Appeals reversed the judgment of the district court and dismissed the suit, holding that the district court was without jurisdiction, because it was shown by the evidence offered on the hearing of the motion to dismiss that the claim filed with the Industrial Accident Board contained no statement of the amount of the claim and

failed to give information as to the extent and probable duration of disability from which it could be determined that the claim presented was for as much as $500.00. 91 S. W. (2d) 1147. The judgment of the Court of Civil Appeals is contrary to the decision made in Booth v. Texas Employers' Insurance Association, supra. The record and briefs in this case were carefully examined and considered in the preparation of the opinion in that case.

Defendant in error has filed a motion to set aside the order granting the writ of error herein and to dismiss the application for the writ on the ground that the application does not state, as is provided under Subdivision (d) of Rule 1 for the Supreme Court that the particular ruling or decision sought to be reviewed was assigned as error in the motion for rehearing in the Court of Civil Appeals. Subdivision (d) of Rule 1 was amended by the Supreme Court on November 23, 1938, (130 Texas v.) by omitting therefrom the requirement that the application state that the particular decision or ruling was assigned as error in the motion for rehearing in the Court of Civil Appeals. But since the application for writ of error in the instant case was filed and the case submitted before the rule was amended, we must determine whether the application meets the requirements contained in the rule prior to its amendment.

The application for writ of error, after giving the nature of the suit and the result of the trial in district court, states that the Court of Civil Appeals to which appeal was taken by Commercial Standard Insurance Company, defendant in error, passed upon none of the assignments of error in that court except assignments numbered 2, 4 and 33, all of which related to the question of jurisdiction, which three assignments are copied in full in the application and raise in different forms the question as to the jurisdiction of the trial court herein discussed and decided. The application, after giving the substance of the allegations in the petition filed in district court, states that the ruling of the Court of Civil Appeals was that the district court did not have jurisdiction to hear and determine the suit because the claim of plaintiff in error filed with the Industrial Accident Board described the injury in general terms without giving the full results flowing from it and without showing that plaintiff in error was permanently disabled as alleged in the petition. The application contains after the foregoing statements the following paragraphs:

"In accordance with its ruling the Court of Civil Appeals

on January 31, 1936, reversed and dismissed plaintiff in error's suit and rendered judgment in favor of the Commercial Standard Insurance Company, and thereafter in due time *Plaintiff in Error filed his motion for rehearing in the Court of Civil Appeals, praying that the judgment of the Trial Court be affirmed,* which motion for rehearing was on the 6th day of March, by said Court, overruled and denied and said judgment thereupon became final. Plaintiff in error feeling aggrieved at the action of the Honorable Court of Civil Appeals in reversing the judgment of the Trial Court *and in overruling his motion for rehearing prays that Writ of Error be issued for the correction of the* error hereinafter shown." (Our italics.)

The alleged "error hereinafter shown" is presented in seven assignments of error set out in the application, all of which complain of the decision of the Court of Civil Appeals that the district court was without jurisdiction of the suit on account of the failure of plaintiff in error to state in the claim filed with the board the amount claimed in dollars and cents or facts from which such amount could be determined.

It is to be observed that the motion to dismiss is based upon the. alleged failure of the application to state that the particular ruling or decision sought to be reviewed was assigned as error in the motion for rehearing in the Court of Civil Appeals. No contention is made that the error assigned in the application was not in fact assigned in the motion.

It is our opinion, after careful consideration of the application for writ of error, that it substantially complies with the rule, that is, that it does in substance state that the particular decision or ruling was assigned as error in the motion for. rehearing.

It clearly appears from the application for writ of error, that the Court of Civil Appeals decided the one question, that as to the jurisdiction of the district court, and that solely by reason of its decision of the one question it reversed the judgment of the district court and dismissed the cause. We find on the second page of the application the statement that the Court of Civil Appeals decided only the question of jurisdiction and we further find in the paragraph above quoted statements that plaintiff in error in due time filed his motion for rehearing in the Court of Civil Appeals "praying that the judgment of the trial court be affirmed," that the motion for rehearing was overruled, and that plaintiff in error feeling aggrieved at the action of the Court of Civil Appeals in reversing the judgment of the trial court "and in overruling his motion for re-

hearing" prays that writ of error be issued "for correction of the error hereinafter shown." The error thereinafter shown is that of which complaint is made in the several assignments of error set out in the application. It is the error as to the jurisdiction of the district court, the single ruling made by the Court of Civil Appeals as shown by its opinion. The statement that the motion for rehearing prays that the judgment of the trial court be affirmed is nothing other than a statement that the motion attacks the single ruling of the Court of Civil Appeals that resulted in the reversal of the trial court's judgment and the dismissal of the cause. The judgment of the trial court could not be affirmed without the correction of the one erroneous ruling of the Court of Civil Appeals. Such being the language used in the application for writ of error, we cannot say, without closing our eyes to what we know is the truth, that the application does not contain in substance and in plain meaning a statement that the particular ruling or decision sought to be reviewed by the application for writ of error was assigned as error in the motion for rehearing. We are unwilling to hold that the exact language of the rule must be copied into the application. It is enough when the application is so written as to make it clearly apparent therefrom, as we believe it is made here, that the error assigned in the application was assigned in the motion for rehearing.

In reaching the conclusion that the application complies with the rule we are not required to hold, and do not hold, that the mere statement in the application for writ of error that a motion for rehearing was filed in the Court of Civil Appeals and was overruled is sufficient. On that question we express here no opinion. We hold that the particular application under consideration substantially complies with the rule, because what is stated therein with respect to the motion for rehearing is clearly the same, in its meaning and in the information that it gives the court, as a statement in the very language of the rule.

Defendant in error cites in support of its motion to dismiss the application several recent decisions: Leonard Brothers v. Newton, 129 Texas, 1, 101 S. W. (2d) 223; Williams v. Alliston, 129 Texas 406, 104 S. W. (2d) 847; Grand Lodge Colored Knights of Pythias v. Adams, 130 Texas 360, 107 S. W. (2d) 355, 110 S. W. (2d) 1152; Glenn v. McCarty, 130 Texas 641, 107 S. W. (2d) 363, 110 S. W. (2d) 1148; Casualty Reciprocal Exchange v. Dawson, 130 Texas 362, 107 S. W. (2d) 994; Thompson v. Enfield, 130 Texas 363, 108 S. W. (2d) 1110; Citizens Savings Bank & Trust Company v. Spencer, 130 Texas

384, 110 S. W. (2d) 1151; Watkins v. Texas Employers' Insurance Association, 130 Texas 383, 110 S. W. (2d) 1153.

We have examined the applications for writ of error filed in the above cited cases. In six of them the application makes no reference whatever to a motion for rehearing in the Court of Civil Appeals, not even stating that a motion was filed. In two of them (Williams v. Alliston and Watkins v. Texas Employers' Insurance Association) the applications state that motion for rehearing was filed in the Court of Civil Appeals and overruled, giving the dates of the filing and the overruling of the motion, but containing nothing further as to the motion or its contents. In neither of those two cases does it clearly appear from the application that both the application for writ of error and the motion for rehearing assigned as error a decision by the Court of Civil Appeals of a single question forming the sole basis for its judgment.

The motion to set aside the order granting the writ of error and to dismiss the application for the writ is overruled.

Because of the error of the Court of Civil Appeals in dismissing the suit, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court for disposition of the assignments of error presented in appellant's brief, other than those which have been determined here.

Opinion adopted by the Supreme Court January 4, 1939.