EAST TEXAS OIL & REFINING COMPANY V. MABEE
CONSOLIDATED CORPORATION.

No. 7270. Decided May 3, 1939.
Rehearing overruled June 7, 1939.
(127 S. W., 2d Series, 445.)

*Joe E. Estes,* of Tyler, *J. J. Collins,* of Lufkin, *Phillips, Trammell, Estes, Edwards & Orn, Lightfoot, Robertson, Saunders & Gano* and *Claude Williams,* all of Fort Worth, for plaintiff in error.

*Ramey, Calhoun & Marsh* and *Joe W. Sheehy,* all of Tyler, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by Mabee Consolidated Corporation against East Texas Oil & Refining Company to recover damages for the partial destruction of personal property by fire. Judgment was recovered by plaintiff for $1500.00. The Court of Civil Appeals affirmed the judgment. 103 S. W. (2d) 795.

Writ of error was granted upon application of the Refining Company.

Plaintiff as defendant in error here, has filed a motion praying that the order granting the writ be set aside and for dismissal of the application. The ground of the motion is that it is not stated in the application for the writ that the particular rulings · or decisions sought to be reviewed here were assigned as error in the motion for rehearing filed by plaintiff in error in the Court of Civil Appeals, as required by subdivision (d) of Rule 1 of this Court, which was in force at the time the application for the writ was acted upon.

A careful examination of the application for writ of error discloses that the principal allegation relating to the rulings of the courts below is the following:

"Plaintiff-in-Error, as appellant in the Court of Civil Appeals, duly filed its motion for rehearing in that Court on the Sixth day of March, 1937, which motion was overruled by that Court on April 1, 1937, hence this petition for writ of error, in order that the errors of law committed by the Court of Civil Appeals for the Sixth Supreme Judicial District and by the trial court may be reviewed and corrected."

The reply to the motion to dismiss points out that the application states that a motion for rehearing was filed in the Court of Civil Appeals and that the motion was overruled. The application, however, does not state what rulings or decisions were therein presented to that court for correction other than to say they were errors resulting in the rendition of an improper judgment. It is stated in the application for the writ that plaintiff in error filed an amended motion for a new trial in the trial court assigning therein the errors thereinafter complained of in the application, and that the trial court overruled such amended motion; but it is not stated in the application that the alleged errors overruled by the trial court were complained of in a motion for rehearing filed in the Court of Civil Appeals.

Summarizing, the application merely states in substance that plaintiff in error duly filed its motion for rehearing in the Court of Civil Appeals, "which motion was overruled by that court, hence this petition for writ of error, in order that the errors of law committed by the Court of Civil Appeals * * * and by the trial court may be reviewed and corrected."

Plaintiff in error urges that the foregoing statement is equivalent to a statement in the light of the preceding state-

ments above referred to that the rulings sought by the application to be reviewed and corrected were complained of in the motion for rehearing in the Court of Civil Appeals and that there was a substantial compliance with the requirement of section (d), within the holding of Robinson v. Commercial Standard Insurance Co. 132 Texas 163, 123 S. W. (2d) 337, 6 TSCR 6.

In that case the application stated in substance that only one point (that of jurisdiction) was decided by the trial court and that the Court of Civil Appeals reversed the cause upon that point alone, and that the motion for rehearing filed in that court asked that the judgment of the trial court be affirmed. The application stated further that the motion was overruled and that plaintiff in error was aggrieved because of the ruling of the Court of Civil Appeals, thus necessitating the conclusion that the ruling upon the question of jurisdiction there complained of was the same as the jurisdictional ruling complained of in the application for the writ. Judge Smedley points out in the opinion that it was "clearly apparent" from the application "that the error assigned in the application was assigned in the motion for rehearing."

Such is not the case here. Twelve errors are assigned in the application for the writ in the present case, and there is no statement therein that the alleged errors were complained of in the motion for rehearing filed in the Court of Civil Appeals; nor is there any statement or combination of statements in application from which it follows as a necessary deduction that all, or any, of the errors therein alleged, were complained of in such motion. See in this connection Texas Employers' Insurance Association v. McNorton, 132 Texas 168, 122 S. W. (2d) 1043, 6 TSCR 2, and the cases there cited.

It is pointed out in the case last cited that on November 23, 1938, subdivision (d) was so amended, effective on that date, as to delete therefrom the requirement that the application *state* that the particular decision or ruling sought to be reviewed was assigned as error in the motion for rehearing in the Court of Civil Appeals. The application for the writ in this case was acted upon prior to the date of the amendment and was inadvertently granted. Our attention was not directed to the inadvertence until the present motion was filed.

Defendant in error's motion praying that the order be set aside and for dismissal of the application is granted.

Opinion adopted by the Supreme Court May 3, 1939.

Rehearing overruled June 7, 1939.