SOCONY MOBIL OIL COMPANY, Inc., Its operating division Mobil Oil Company, and Magnolia Pipe Line Company, a Corporation, Appellants,

v.

Gordon MAYER, d/b/a Gordon Mayer Construction Company, Appellee.

No. 7496.

Court of Civil Appeals of Texas.

Texarkana.

April 30, 1963.

Donald C. Canuteson, Dallas, Smead & Harbour, Longview, for appellants.

Roberts & Smith, Kenley, Ritter & Boyland, Longview, for appellee.

FANNING, Justice.

This is a venue case. Appellants have appealed from an order overruling their pleas of privilege to be sued in Dallas County, Texas.

Appellee sued to recover damages from appellants and another named defendant who did not file a plea of privilege.

Briefly, the basis of plaintiffs' suit was to the effect that defendants were guilty of negligence in maintaining defective pipe lines, failing to inspect the pipe lines, failing to repair the pipe lines, permitting oil to escape and flow into Hawkins Creek, allowing large quantities of oil to collect under and near a bridge owned by appellee, failing to notify appellee that a dangerous situation existed, failing to recapture and pick up the escaped oil, creating a dangerous condition, that a fire was started from an unknown source which spread to the oil and burned, damaged and destroyed the bridge to such an extent the bridge had to be rebuilt.

■ Appellants in their brief state that Mobil Oil Company is not a legal entity and is merely an operational division of Socony Mobil Oil Company, Inc. This statement is not challenged by appellee's brief, and appellee has also offered no proof to the contrary. There is no evidence in the record to show that Socony Mobil Oil Company, Inc., or its operational division, Mobil Oil Company, owned or had any connection with any pipe line involved in this suit, and there is no evidence in the record which would warrant the overruling of the plea of privilege of Socony Mobil Oil Company, Inc., and its operational division, Mobil Oil Company, and the judgment of the trial court overruling the plea of privilege of appellant Socony Mobil Oil Company, Inc., and its operational division, Mobil Oil Company, is reversed and the cause as to Socony Mobil and Mobil is ordered transferred to a District Court of Dallas County, Texas.

We however sustain venue in Gregg County, Texas, as to appellant Magnolia Pipe Line Company. Magnolia owned a pipe line, which had a "pulled collar", and there was a loss therefrom of 125 barrels of East Texas crude oil or perhaps more. There was also testimony to the effect that the pipe line was "walked" or tested at 10 day intervals, and that it could have possibly been ten days prior to the time of the oil leak since the pipe line was last tested by the agents of Magnolia. There was evidence that the loss of oil occurred near a creek and that the banks of the creek had been ditched so that oil could drain into the creek. There was further testimony to the effect that oil went on down that first creek and then flowed into Hawkins Creek. A witness also testified that he walked down the creek, and testified to the further effect that he found evidence of oil having come from the area of appellant Magnolia's pipe line (where the "collar" had pulled loose) and traced the course of oil from Magnolia's pipe line to the first creek to Hawkins Creek. Oil which "went down the creek" ran into Hawkins Creek. Oil which "went down the creek" was allowed to and did collect around appellee's bridge. Fire from some unknown origin started and spread to the oil which had dangerously collected under appellee's bridge, resulting in fire damages to the bridge to such an extent it had to be rebuilt. Magnolia's pipe line, the creeks, the fire, and the damaged bridge in question were all in Gregg County, Texas, and all of the alleged negligence occurred in Gregg County, Texas.

In East Texas Oil Refining Company v. Mabee Consolidated Corp., Tex.Civ. App., 103 S.W.2d 795, wr. dism., 133 Tex. 300, 127 S.W.2d 445, oil (from a break in a pipe line) was allowed to flow into a creek and around a drilling rig, with the oil becoming ignited from an unknown source resulting in fire damages to the rig, and the court held that the evidence supported a jury finding that the defendant was negligent in failing to discover the break in the pipe line and in failing to prevent the oil from flowing around the rig. This case also upheld a jury finding that defendant permitted the oil to be ignited although there was no evidence as to how the fire was started, and held that even if the fire was ignited by a third party, such would not have exonerated the pipe line owner from negligence in preventing the fire. We quote from the court's opinion in the above referred to case as follows:

"The jury found that, if appellant had used ordinary care, it could have discovered the breakage of its pipe line in sufficient time to have prevented the oil from flowing down the creek and around appellee's rig. By its negligence, so found, appellant caused a dangerous instrumentality to spread upon and saturate the premises of appellee. Appellant by its special requested issue No. 2 sought to ascertain from the jury if some third party ignited the oil. If some third person intentionally or accidentally ignited this oil, would that relieve appellant from liability under the facts and findings of the jury in this case? If A negligently permits a can of explosive to be placed upon the premises of B, and then fails to guard it, and C, passing along the premises, throws a rock, or does some other act to cause this to explode and wreck the house of B, can it be said that the act of C would exonerate the negligence of A? The facts and findings in this cause are to some extent analogous to the liability imposed upon the keeper of a vicious animal, or the owner of an electric power line who negligently permits a dangerous instrumentality to trespass upon the premises of another. 20 R.C. L. Negligence, § 47–48. *The acts of a third party, done intentionally or innocently, would not have exonerated appellant from its acts or its failure to act to prevent the fire as found by the jury. Appellant was charged with knowledge that East Texas crude oil was inflammable and easily ignitable,*

*and to look out for the perils ahead.* (Emp. added) The facts and findings here are controlled by the following extracts taken from 45 Cor.Jur. pp. 934, 936:

> " 'If the misconduct is of a character which, according to the usual experience of mankind, is calculated to invite or to induce the intervention of some subsequent cause, the intervening cause will not excuse him and the subsequent mischief will be held to be the result of the original misconduct.'

> " 'The rule seems to be well established that the intervention of an independent agency does not break the causation in cases where the intervention of such agency ought to have been expected to occur according to ordinary experience; and that in such cases the original wrongdoer is liable for all injuries which follow as a direct result of the original negligence acting in combination with such intervening agency, even though the resulting injury could not have been produced by the original negligence alone.' "

After carefully reviewing the record we hold that there was ample evidence of probative force to uphold the various implied findings of the trial court in support of its judgment on negligence and proximate cause with respect to appellant Magnolia, and that the trial court correctly sustained venue in Gregg County as to Magnolia under subdivision 9a of Art. 1995, Vernon's Ann.Civ.St. The judgment of the trial court overruling appellant Magnolia's plea of privilege is affirmed.

Costs are adjudicated in the following manner: one-half to be paid by appellant Magnolia, and one-half to be paid by appellee Mayer.

Affirmed in part and reversed and rendered in part.