**Dr. R. R. GILLUM, Appellant,**

v.

**Carl ROGERS et al., Appellees.**

**No. 7874.**

Court of Civil Appeals of Texas.

Texarkana.

July 2, 1968.

Rehearing Denied Aug. 6, 1968.

B. J. Smith and Bill Glaspy, Mesquite, Jesse L. Nickerson, Pittsburg, for appellant.

Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, W. C. Hancock, Pittsburg, for appellees.

DAVIS, Justice.

A suit by plaintiff, Dr. R. R. Gillum, against defendants, Carl Rogers and American Petrofina Company of Texas, hereinafter referred to a Petrofina, for damages suffered by plaintiff, which plaintiff alleged was proximately caused by the negligent acts of defendants in discharging industrial waste from an oil refinery into a public water course that flooded land owned by plaintiff. Trial was to a jury. The trial court granted a motion to withdraw the case from the jury and render judgment for defendants. Plaintiff has perfected his appeal and brings forward one point of error.

By the point of error, plaintiff says: "The evidence is sufficient to create an issue of fact for the jury's determination".

Defendants by counter-points, say: there is no evidence that they violated Art. 7621d, V.A.T.C.S.; no evidence that the

alleged violation of Art. 7621d proximately caused plaintiff any damages; no evidence that defendants turned loose any polluted waters from its pits in the face of an oncoming storm which caused a flooding condition; no evidence that defendants were negligent in turning loose any polluted waters from its pits in the face of an oncoming storm which caused the flood; no evidence that defendants' failure to have a screen or hay barrier between a 2,300,-000 gallon pit and Tankersly Creek was negligent; and, no evidence that defendants' failure to have a screen or hay barrier between the 2,300,000 gallon pit and Tankersly Creek was a proximate cause of plaintiff's alleged injuries.

There were two floods that occurred in April and May, 1966, which covered a large part of plaintiff's land.

Defendant, Petrofina, is an oil refinery that processes crude oil and produces all kinds of petroleum products. Defendant, Carl Rogers, is, apparently, well educated, having obtained a Bachelor of Science in Petroleum Engineering, was employed by Petrofina as Plant Superintendent, and was in charge of the refinery.

The refining plant is situated on or near Goose Creek which runs into Tankersley Creek, runs into Big Cypress Creek, and runs through a large tract of land containing in excess of 1,800 acres belonging to plaintiff. Part of the land is situated in Titus County and part is situated in Camp County. Big Cypress Creek runs under a Cotton Belt Railroad trestle and under a bridge on U. S. Highway 271.

The New Hope oil field is situated in the Big Cypress watershed. Some of the pits were over-run by the flood in question and part of their contents apparently went over plaintiff's land.

■ We must examine all the testimony offered by the plaintiff relevant to any issues of defendants' acts of negligence and consider it in the light most favorable to plaintiff, disregarding all conflicts and indulging in every intendment reasonably deductible from evidence in favor of plaintiff. Jones v. Nafco Oil & Gas Inc. et al. (Tex.Sup.Ct.1964), 380 S.W. 2d 570.

■ We have carefully examined the statement of facts and we find from the evidence that the refinery is well equipped with settling tanks with dikes built around them that extend from 18 inches to two feet above the water surface and a pond which defendants run all water through after all the required sediments have been removed. Fish live in this pond. The refinery is equipped with an oily sewer system, two separators, concrete vats, all the mechanical equipment necessary to handle all salt water, oil and chemicals necessary to produce the process of manufacturing petroleum products. There are two hay barriers between the refinery and the railroad. The evidence shows that the refinery pumps one of the by-products, phenol, into a tank, or pond, and sells it to a paper mill. That the waste oil, which can not be refined, is placed in a tank, or pond, and is given to Titus County to oil roads, etc. The refinery has been granted permit # 00378 by the Texas Water Pollution Control Board, which provides the specific amount of industrial waste, such as chloride, acid, phenol and micromhos content they are permitted to let into the flowing streams. The refinery is prohibited by Art. 7621d, Sec. 2, Sub-Sec. "f" from permitting any oil, etc., from running, or escaping, into a running stream. There was, in truth and in fact, no evidence offered to show enough salt water had polluted Big Cypress Creek, which was flooded, that would injure the grass nor the land. There was some conflicting evidence offered to show that several hundred acres of plaintiff's land was covered with an oily substance that killed some of the grass. But, there is no evidence that the oily substance was permitted to escape from the refinery of defendant, Petrofina, either wilfully or through any acts of negligence, on the part of either

defendants, their agents, servants or employees. There is no evidence of any chloride, acid or micromhos, in an excessive amount, either knowingly or accidentally, escaping into a running stream that would do any damage to plaintiff's land. It is necessary for plaintiff to show that defendants wilfully or negligently deposited the industrial waste material into Goose Creek, which polluted plaintiff's land before he can recover. Garland Grain Co. et al. v. D–C Home Owners Improvement Association et al. (Tex.Civ.App. 1965), 393 S.W.2d 635, W.R., N.R.E. There was no violation of Art. 7621d shown. Helton v. Luse & Fosdick Drilling Co. (Tex.Civ.App.1941), 147 S.W.2d 831, N.W.H.

The point is overruled. The judgment is affirmed.