J. J. KENNEDY and Richard Hamm,
Appellants,

v.

Charles BRANDENBURG, Appellee.

No. 6163.

Court of Civil Appeals of Texas,
El Paso.

Aug. 4, 1971.

Rehearing Denied Sept. 22, 1971.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Perry Davis, Jr., Odessa, for appellants.

Roddy L. Harrison, Pecos, for appellee.

OPINION

RAMSEY, Chief Justice.

This suit was brought by Charles Brandenburg, Plaintiff-Appellee, against J. J. Kennedy and Richard Hamm, Defendants-Appellants, for damages allegedly sustained resulting from brine water leaking into an irrigation canal damaging Plaintiff's crops. Based on a jury verdict, judgment was entered for Plaintiff in the sum of $10,400.-00. Defendants have perfected this appeal. We reverse and remand.

Plaintiff alleged that on or about June 11, 1969, Defendants' gravity flow line broke and leaked oil, water, and brine into an irrigation canal system which destroyed Plaintiff's cotton. Plaintiff further alleged that the Defendants were negligent in two particulars, namely, in allowing their line to break and leak into the irrigation canal and in not keeping a proper lookout for leaks in the line. Defendants answered by general denial, contributory negligence on the part of the Plaintiff and unavoidable accident.

Defendants assign six points of error. Point Five complains of the action of the trial Court in overruling Defendants' objections to the Court's charge and not defining or submitting the requested issues

on negligence. The gist of the complaint is that the issues submitted by the Court amounted to a submission of issues on absolute liability.

At the close of the evidence, both Plaintiff and Defendants requested special issues based on the theory of negligence. The requested issues were refused.

The Defendants objected to the charge of the Court for failure to define the term "negligence" and objected to the issues submitted since Plaintiff's cause of action was predicated on negligence and such theory was not submitted to the jury. The issues submitted by the Court inquire as to whether or not the Defendants allowed the brine water to enter the irrigation canal and whether or not such was a proximate cause of any of the damages sustained by Plaintiff.

Appellant relies on Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221 (1936), and contends that the Court's opinion repudiates the doctrine of liability without fault. A careful reading of this opinion reveals that this is correct in some instances, but is not so all-inclusive. The Supreme Court excludes from its opinion water courses, public waters, and riparian rights. The Supreme Court declines to expressly invoke the doctrine of absolute liability to pipe lines by stating on page 226:

"Nor are we prepared to say that the conveyance of oil by pipe lines is an unnatural use of land, and that the rule of absolute liability should be applied to them."

Prior to the decision in Turner v. Big Lake Oil Co., supra, the application of strict liability in pipeline cases apparently found favor in the Texas Courts. Texas Co. v. Earles, Tex.Civ.App., 164 S.W. 28 (n. w. h.); Texas & Pacific Ry. Co. v. O'Mahoney, 24 Tex.Civ.App. 631, 60 S.W. 902 (ref.); and Texas Co. v. Giddings, Tex.Civ.App., 148 S.W. 1142 (n. w. h). Subsequent decisions, however, hold to the contrary. The general rule applicable is perhaps best enunciated in Humble Pipe Line Company v. Anderson, Tex.Civ.App., 339 S.W.2d 259 (Ref. n. r. e.), wherein the Court stated:

"As we understand our Texas courts, they hold in effect that if a business is of such a nature that it inevitably will do substantial injury to those around it, even though it is operated carefully and properly, then it is a nuisance per se, and those injured will have redress, regardless of negligence. If such a business is permitted to continue in spite of the injury to others, because of its utility to the public, then it must compensate those injured. But if a business is of such a nature and injury does not necessarily result from its operation, then it is not a nuisance per se, and liability depends upon negligence. This, we believe, is illustrated in the following cases: Columbian Carbon Co. v. Tholen, Tex.Civ. App., 199 S.W.2d 825 (er. ref.), and King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636. See also East Texas Oil Refining Co. v. Mabee Consolidated Corp., Tex.Civ.App., 103 S.W.2d 795, writ dis. 133 Tex. 300, 127 S.W.2d 445."

The requirement of wilfulness or negligence is supported by Gillum v. Rogers, Tex.Civ.App., 430 S.W.2d 822 (Ref. n. r. e.); Scurlock Oil Company v. Roberts, Tex.Civ.App., 370 S.W.2d 755 (n. w. h.); Pioneer Natural Gas v. K. & M. Paving Co., Tex., 374 S.W.2d 214; 30 A.L.R.2d 702.

We therefore conclude that in order for the Plaintiff to recover, it was necessary, under the pleadings and the evidence, that he allege and prove negligence, and that such negligence was a proximate cause of his damage. We hold that it was error to refuse to submit such issues complained of under Point Five and therefore reverse the judgment of the trial court and remand the cause to the trial court.

Reversed and remanded.